## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## COURT FILE NO:  CV-

| | | |
|---|---|---|
| KATELYNN ROXBERRY, an individual | ) | |
| Plaintiff | ) | |
| v. | ) | **COMPLAINT** |
| APOTHAKER & ASSOCIATES, P.C. | ) | |
| a professional corporation | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| RON DOE, an individual | ) | |
| Defendants | ) | |

## COMPLAINT

## I.  JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2.      Venue is proper in this District because the acts and transactions occurred here and Defendant is located and conducts business within this district.

## II.  PARTIES

3.      Plaintiff, Katelynn Roxberry ("Plaintiff"), formerly known as Katelynn Amelio, is a natural person who resides at 111 South 13th Street Allentown, Pa 18102 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

4.     Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, in this case, a credit card, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5.     Defendant, Apothaker & Associates, P.C. ("Apothaker"), is upon information and belief, a professional corporation located at 520 Fellowship Road, C306, Mount Laurel, New Jersey 08054, and, at all time relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3.and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

6.     Defendant, Ron Doe ("Ron"), is, upon information and belief, an owner, manager, officer, partner, shareholder, authorized representative, employee, agent and/or workman of Apothaker and, acting within the course and scope of his employment and/or business relationship with Apothaker and, at all relevant times herein, is located at or through Apothaker's office address at 520 Fellowship Road, C306, Mount Laurel, New Jersey 08054.

7.     At all times relevant to this Complaint, Defendant Ron is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

8.     At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

9.     Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or

attempting to collect such debts.  Based on said activity or activities, Defendants were debt collectors within the meaning of FDCPA, 15 U.S.C. § 1692a (6), and FCEUA, 73 P.S. § 2270.3.

### III. FACTUAL ALLEGATIONS

10.     On July 27, 2010, Plaintiff, was served with a Complaint filed in the Berks County Court of Common Pleas by Defendant Apothaker on behalf of its client, Vion Holdings LLC in a case captioned as <u>Vion Holdings, LLC v. Katelynn Amelio</u>, no. 10-13819, claiming that there was an outstanding balance due on a Chase Bank, USA, N.A. account of $1,673.14.  A true and correct copy of the aforestated Complaint is attached hereto as Exhibit "A".

11.     After being served with the Complaint, Plaintiff placed a telephone call to Defendant Apothaker, asking if the matter could be settled outside of court.

12.      A representative of Defendant Apothaker, who identified himself as Ron (Defendant Ron Doe) told Plaintiff that it was possible (to settle out of court) and payment arrangements were discussed.

13.     During the above referenced telephone call, Defendant Doe, in an attempt to coerce more money from Plaintiff than what Defendant could legally claim, told Plaintiff that the total amount owed by Plaintiff on the account was $1,800.00, which included court costs and sheriff fees.

14.     Plaintiff responded by informing Defendant Doe that, if they settled the matter, she could begin making payments after August 6, 2010.

15.     Defendant Doe began asking Plaintiff for income information for both Plaintiff and Plaintiff's husband.  Plaintiff was uncomfortable divulging this information, so the aforesaid income information was not provided to Defendants.

16.    The following day, July 28, 2010, Defendant Doe called Plaintiff and asked about setting up a payment plan.  Plaintiff stated again that payments could begin after August 6, 2010.

17.    During the above referenced telephone call, Plaintiff requested that Defendants send Plaintiff written confirmation stating how much was allegedly owed on the account.  Defendant Doe refused to comply with Plaintiff's request, giving the excuse that several letters had already been sent to Plaintiff.

18.    Plaintiff informed Defendant Doe that she had never received any letters from Defendants.

19.    Plaintiff then informed Defendant Doe that she would be contacting a lawyer. Defendant Doe responded by telling Plaintiff she had 72 hours to contact a lawyer.  At this point, the call was terminated.

20.    On or about August 4, 2010 Plaintiff again spoke with Defendant Doe, who told Plaintiff that the actual balance owed on the account was $1,673.14 but that Defendants would be willing to settle for a lesser amount.

21.    Plaintiff again requested that Defendant Doe send her something in writing stating the amount owed.  Defendant Doe agreed to send Plaintiff an e-mail disclosing the requested information, but once the e-mail was received, a payment was expected to be made.

22.    Contrary to Defendant Doe's representation, an email was never sent to Plaintiff.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

23.     Plaintiff incorporates her allegations of paragraphs 1 through 22 as though set forth at length herein.

24.     Defendants' aforestated actions violated the FDCPA as follows:

(a)     Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person by misinforming Plaintiff as to the amount of the alleged debt, by adding costs and "Sheriff fees" to the alleged debt without any legal basis, by claiming to have sent letters which were not received by Plaintiff and by giving her an artificial deadline in which to contact counsel.

(b)     Defendants violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection by misinforming Plaintiff as to the amount of the alleged debt, by adding costs and "Sheriff fees" to the alleged debt without any legal basis, by claiming to have sent letters which were not received by Plaintiff and by giving her an artificial deadline in which to contact counsel.

(c)     Defendants violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount or legal status of the alleged debt by misinforming Plaintiff as to the amount of the alleged debt, by adding costs and "Sheriff fees" to the alleged debt without any legal basis.

(d)     Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect a debt by misinforming Plaintiff as to the amount of the alleged debt, by adding costs and "Sheriff fees" to the alleged debt without any legal basis, by claiming to have sent letters which were not received by Plaintiff and by giving her an artificial deadline in which to contact counsel.

(e)     Defendants violated 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt by misinforming Plaintiff as to the

amount of the alleged debt, by adding costs and "Sheriff fees" to the alleged debt without any legal basis, by claiming to have sent letters which were not received by Plaintiff and by giving her an artificial deadline in which to contact counsel.

       (f)      Defendants violated 15 U.S.C. § 1692f(1) by engaging in an attempt to collect any amount not authorized by the agreement creating the debt or permitted by law by misinforming Plaintiff as to the amount of the alleged debt, by adding costs and "Sheriff fees" to the alleged debt without any legal basis.

       (g)      Defendants violated 15 U.S.C. § 1692g by failing to send the consumer a 30-day validation notice within five days of the initial communication.

25.    As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

26.    As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

27.    Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

28.    As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

29.    Plaintiff incorporates her allegations of paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.     The foregoing acts and omissions of Defendants constitute numerous and multiple

violations of the FDCPA including but not limited to each and every one of the above-cited

provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

31.     As a result of each of Defendants' violations of the FDCPA, Plaintiff is therefore

entitled to actual damages pursuant to 15 U.S.C.  §1692k(a)(1); statutory damages in amount

up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and

costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Katelynn Roxberry, prays that judgment be entered against

each and every Defendant for the following:

(1)     Actual damages;

(2)     Statutory damages in the amount of $1,000.00;

(3)     Reasonable attorney's fees and costs;

(4)     Declaratory judgment that the Defendants' conduct violated the FDCPA;

(5)     Such other and further relief that the Court deems just and proper.

### COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S § 2270.1, et. seq.

32.     Plaintiff incorporates her allegations of paragraphs 1 through 31 as though set forth at

length herein.

33.     Defendants violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by

a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or

practice under FCEUA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Katelynn Roxberry, prays that judgment be entered against each and every Defendant for the following:

    (1)    An Order declaring that Defendants violated the FCEU;

    (2)    Actual damages;

    (3)    Treble damages;

    (4)    Reasonable attorney's fees and costs;

    (5)    Such other and further relief that the Court deems just and proper.

**COUNT III**
**VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW**
**("UTCPL"), 73 Pa. C.S § 201-1, et. seq.**

34.    Plaintiff incorporates her allegations of paragraphs 1 through 33 as though set forth at length herein.

35.    Defendants violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

36.    Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendants include, but are not limited to, the following:

    Defendants engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding.

37.    Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Katelynn Roxberry, prays that judgment be entered against each and every Defendant for the following:

(1)     An Order declaring that Defendants violated the UTCPL

(2)     Actual damages;

(3)     Treble damages;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

## V.  DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

Respectfully submitted,

Mpf8441/s/*Michael P. Forbes*

_____
Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D.#55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610) 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com

*Attorney for Plaintiff, Katelynn Roxberry*